**RULE 380.  PRESERVATION OF TESTIMONY AFTER COMMENCEMENT OF PROCEEDINGS.**

**A.  By Court Order.**

1) At any time after the commencement of proceedings, upon motion of any party, and after notice and hearing, the court may order the taking and preserving of the testimony of any witness who may be unavailable for the adjudicatory hearing or for any other proceeding, or when due to exceptional circumstances, it is in the interests of justice that the witness' testimony be preserved.

2) The court shall state on the record the grounds on which the order is based.

3) The court's order shall specify the time and place for the taking of the testimony, the manner in which the testimony shall be recorded and preserved, and the procedures for custody of the recorded testimony.

4) The testimony shall be taken in the presence of the court, the attorney for the Commonwealth, the juvenile, and the juvenile's attorney, unless otherwise ordered.

5) The court shall rule on the admissibility of the preserved testimony if it is offered into evidence at the adjudicatory hearing or other judicial proceeding.

**B.  By [a]Agreement of the [p]Parties.**

1) At any time after the commencement of proceedings, the testimony of any witness may be taken and preserved upon the express written agreement of the attorney for the Commonwealth, the juvenile, and the juvenile's attorney.

2) The agreement shall specify the time and place for taking the testimony, the manner in which the testimony shall be recorded and preserved, and the procedures for custody of the recorded testimony.

3) The testimony shall be taken in the presence of the attorney for the Commonwealth, the juvenile, and the juvenile's attorney, unless they otherwise agree.

4) The agreement shall be filed with the clerk of courts pursuant to Rule 345(A).

5) The court shall rule on the admissibility of the preserved testimony if it is offered into evidence at the adjudicatory hearing or other judicial proceeding.

**COMMENT**

This rule is intended to provide the means by which testimony may be preserved for use at a current or subsequent stage in the proceedings, which includes the taking of a deposition during the adjudicatory hearing to be used at a later stage of the adjudicatory hearing.

When testimony is to be preserved by video recording, see also Rule 381.

Commencement of proceedings includes any action after the submission of a written allegation. *See* Rule 200 (Commencement of Proceedings).

This rule does not address the admissibility of the preserved testimony. The court is to decide all questions of admissibility. **[See the Pennsylvania Rules of Evidence.** *Also see, e.g.,* **Judicial Code § 5917,]** <u>*See* **Pa.R.E. 104(a);** *see also*</u> 42 Pa.C.S. § 5917 **[(1982);** *Commonwealth v. Scarborough*, **421 A.2d 147 (Pa. 1980);** *Commonwealth v. Stasko*, **370 A.2d 350 (Pa. 1977)]**.

''May be unavailable,'' as used in paragraph (A)(1), is intended to include situations in which the court has reason to believe that the witness will be unable to be present or to testify at the adjudicatory hearing or other proceedings, such as when the witness is dying, or will be out of the jurisdiction and therefore cannot be effectively served with a subpoena, **or is elderly, frail, or demonstrates the symptoms of mental infirmity or dementia,** or may become incompetent to testify for any **other** legally sufficient reason.

Under paragraph (A)(4), the court should preside over the taking of testimony. The court, however, may order that testimony be taken and preserved without the court's presence when exigent circumstances exist or the location of the witness renders the court's presence impracticable. Furthermore, nothing in this rule is intended to preclude the juvenile's attorney, the juvenile, and the court from agreeing on the record that the court need not be present. Paragraph (B)(3) permits the attorney for the Commonwealth, the juvenile, and the juvenile's attorney to determine among themselves whether the court should be present during the taking of testimony. That determination should be made a part of the written agreement required by paragraph (B)(1).

Nothing in this rule is intended to preclude the juvenile from waiving his or her presence during the taking of testimony.

The means by which the testimony is recorded and preserved are within the discretion of the court under paragraph (A) and the parties under paragraph (B), and may include the use of electronic or photographic techniques such as videotape or

digital video diskette. There are, however, additional procedural requirements for preservation of testimony by video recording mandated by Rule 381.

The party on whose motion testimony is taken should normally have custody of and be responsible for safeguarding the preserved testimony. That party should also promptly provide a copy of the preserved testimony to the other party. Additionally, this rule is not intended to conflict with the requirements of the Pennsylvania Rules of Judicial Administration. For reporting and transcripts by court-employed reporters, see **[the]** Pa.R.J.A. Nos. **[5000.1-5000.13]** **4001-4016**.

When testimony is taken under this rule, the proceeding should afford the parties full opportunity to examine and cross-examine the witness. Counsel should not reserve objections for time of the adjudicatory hearing.

Paragraphs **(**A**)**(5) and **(**B**)**(5) are intended to guard against pre-adjudicatory hearing disclosure of potentially prejudicial matters.

For the definition of "court," see Rule 120.

**Official Note:** Rule 380 adopted April 1, 2005, effective October 1, 2005. **Amended November 16, 2016, effective January 1, 2017.**

*Committee Explanatory Reports:*

Final Report explaining the provisions of Chapter three, Part F published with the Court's Order at 35 Pa.B. **2214 (April 16**, 2005). **Final Report explaining the amendment to Rule 380 published with the Court's Order at       (    ).**

## RULE 1380.  PRESERVATION OF TESTIMONY AFTER COMMENCEMENT OF PROCEEDINGS.

### A.  By Court Order.

1) At any time after the commencement of proceedings, upon motion of any party, and after notice and hearing, the court may order the taking and preserving of the testimony of any witness who may be unavailable for the adjudicatory hearing or for any other proceeding, or when due to exceptional circumstances, it is in the interests of justice that the witness' testimony be preserved;

2) The court shall state on the record the grounds on which the order is based;

3) The court's order shall specify the time and place for the taking of the testimony, the manner in which the testimony shall be recorded and preserved, and the procedures for custody of the recorded testimony;

4) The testimony shall be taken in the presence of the court, all parties and their attorneys, unless otherwise ordered; and

5) The court shall rule on the admissibility of the preserved testimony if it is offered into evidence at the adjudicatory hearing or other judicial proceeding.

### B.  By [a]Agreement of the [p]Parties.

1) At any time after the commencement of proceedings, the testimony of any witness may be taken and preserved upon the express written agreement of all parties;

2) The agreement shall specify the time and place for taking the testimony, the manner in which the testimony shall be recorded and preserved, and the procedures for custody of the recorded testimony;

3) The testimony shall be taken in the presence of all parties and their attorneys unless they otherwise agree;

4) The agreement shall be filed with the clerk of courts pursuant to Rule 1345(A); and

5) The court shall rule on the admissibility of the preserved testimony if it is offered into evidence at the adjudicatory hearing or other judicial proceeding.

**COMMENT**

This rule is intended to provide the means by which testimony may be preserved for use at a current or subsequent stage in the proceedings, which includes the taking of a deposition during the adjudicatory hearing to be used at a later stage of the adjudicatory hearing.

When testimony is to be preserved by video recording, see also Rule 1381.

This rule does not address the admissibility of the preserved testimony. The court is to decide all questions of admissibility. *See* **[the Pennsylvania Rules of Evidence]** Pa.R.E. 104(a).

''May be unavailable,'' as used in paragraph (A)(1), is intended to include situations in which the court has reason to believe that the witness will be unable to be present or to testify at the adjudicatory hearing or other proceedings, such as when the witness is dying, or will be out of the jurisdiction and therefore **[can not]** cannot be effectively served with a subpoena, **or is elderly, frail, or demonstrates the symptoms of mental infirmity or dementia,** or may become incompetent to testify for any other legally sufficient reason.

Under paragraph (A)(4), the court should preside over the taking of testimony. The court, however, may order that testimony be taken and preserved without the court's presence when exigent circumstances exist or the location of the witness renders the court's presence impracticable. Furthermore, nothing in this rule is intended to preclude the parties, their attorneys, and the court from agreeing on the record that the court need not be present. Paragraph (B)(3) permits the parties and their attorneys to determine among themselves whether the court should be present during the taking of testimony. That determination should be made a part of the written agreement required by paragraph (B)(1).

Nothing in this rule is intended to preclude the parties from waiving their presence during the taking of testimony.

The means by which the testimony is recorded and preserved are within the discretion of the court under paragraph (A) and the parties under paragraph (B), and may include the use of electronic or photographic techniques such as videotape or digital video diskette. There are, however, additional procedural requirements for preservation of testimony by video recording mandated by Rule 1381.

The party on whose motion testimony is taken should normally have custody of and be responsible for safeguarding the preserved testimony. That party should also promptly provide a copy of the preserved testimony to the other parties. Additionally,

this rule is not intended to conflict with the requirements of the Pennsylvania Rules of Judicial Administration. For reporting and transcripts by court-employed reporters, see **[the]** Pa.R.J.A. Nos. **[5000.1-5000.13]** <u>**4001-4016**</u>.

When testimony is taken under this rule, the proceeding should afford the parties full opportunity to examine and cross-examine the witness. Counsel should not reserve objections at the time of the adjudicatory hearing.

For the definition of ''court,'' see Rule 1120.

<u>**Official Note: Rule 1380 adopted August 21, 2006, effective February 1, 2007. Amended November 16, 2016, effective January 1, 2017.**</u>

<u>***Committee Explanatory Reports:***</u>

<u>**Final Report explaining the provisions of Rule 1380 published with the Court's Order at 36 Pa.B. 5571 (September 2, 2016). Final Report explaining the amendment to Rule 1380 published with the Court's Order at      (    ).**</u>